IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ANGELLA DAVIS**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **LAUREL MEDICAL SERVICES CORPORATION, dba CHARIOT**, *et al.*, <br><br> Defendants. | Case No. 3:16-cv-1973-SI <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

Before the Court is Defendants' unopposed motion under Rule 54(b) of the Federal Rules of Civil Procedure, requesting that the Court enter a partial judgment as to Plaintiff's Fifth Claim for Relief, which the Court dismissed with prejudice in resolving Defendants' motion to dismiss. Entering a partial judgment under Rule 54(b) can result in "disfavored piecemeal appeal," and there must be "no just reason for delay" to enter such a judgment. *Int'l Longshore & Warehouse Union v. ICTSI Oregon, Inc.*, 863 F.3d 1178, 1196 (9th Cir. 2017) (Clifton, J., concurring).

Plaintiff's Fifth Claim for Relief involves a different legal theory than the remaining claims. Even assuming it raises discrete and independent issues of law, however, that does not mean that judgment under Rule 54(b) is necessarily appropriate. *Id.* The Court finds that there is

little to no prejudice to Defendants in waiting until the final resolution of this case for judgment on Plaintiff's Fifth Claim for Relief. Additionally, if the case were to settle, that would obviate the need for any appeal of the Court's determination on Plaintiff's Fifth Claim for Relief. Thus, the "interests of sound judicial administration" would not be served by entering a Rule 54(b) judgment at this time. *Id.* (quotation marks omitted). The primary consideration offered by Defendants is that defense counsel was appointed only for a limited purpose and entry of partial judgment would "[tie] up this loose end." The termination of counsel's limited appointment, however, is not contingent of the entry of partial judgment. Considering the facts of this case, the Court cannot find "no just reason for delay."

Defendants' Unopposed Motion for Final Entry of Separate and Final Judgment on Fifth Claim for Relief Contained in First Amended Complaint (ECF 74) is DENIED.

**IT IS SO ORDERED**.

DATED this 7th day of June, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge